IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PATRICK LEE SAMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIV-12-826-F |
| | ) | |
| C. CHESTER, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

Plaintiff, a state prisoner[1] appearing *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983 on July 27, 2012. The matter was referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the reasons set forth herein, it is recommended that the cause of action be dismissed without prejudice due to Plaintiff's failure to pay the initial partial filing fee or show cause for his inability to do so.

With his Complaint, Plaintiff filed an Application to Proceed Without Prepayment of Fees and Affidavit in conformance with 28 U.S.C. § 1915(a). Upon review of Plaintiff's

---

[1] Plaintiff is confined at the Lawton Correctional Facility ("LCF") located in Lawton, Oklahoma.

Motion, on July 30, 2012, the undersigned granted Plaintiff's Motion seeking leave to proceed without full prepayment of the filing fee and directed Plaintiff to make an initial payment of $10.87 (an amount equal to 20% of his average prison account balance over the previous six months) toward the filing fee by August 20, 2012, in accordance with 28 U.S.C. § 1915(b)(1), or show cause why he is unable to make the required payment.  Plaintiff was advised that he would be required to make monthly payments of 20% of the preceding month's deposits to his prison account(s) until the full $ 350.00 filing fee is paid.  See 28 U.S.C. § 1915(b)(2); Cosby v. Meadors, 351 F.3d 1324, 1326 (10th Cir. 2003)(equating word "income" in statute with "deposits").  Plaintiff was further advised that failure to either (1) pay the initial partial filing fee or (2) show cause in writing for his failure to do so could result in dismissal of this action without prejudice to refiling.  Cosby, 351 F.3d at 1327 ("If a prisoner has the means to pay, failure to pay the filing fee required by § 1915(b) may result in the dismissal of a prisoner's civil action. . . .In addition, if a court order requires partial payments, the Federal Rules of Civil Procedure allow a district court to dismiss the action for failure to comply with the order.").

On August 14, 2012, Plaintiff filed a Motion for Use of Monetary Saving for Filing Fee in which Plaintiff requested that the Court issue an order directing LCF to withdraw funds from his mandatory savings account "to pay over half of Plaintiff's filing fee." (Doc. # 6).  In an Order entered August 23, 2012, the undersigned denied the Motion and advised Plaintiff that the Court was not required to facilitate Plaintiff's payment of the required fee as Plaintiff was capable of obtaining a disbursement of funds from his institutional draw

account and/or mandatory savings account in order to pay the initial partial filing fee. See Okla. Stat. tit. 57, § 549 (5)("Funds from [inmates' mandatory savings accounts] may be used by the inmate for fees or costs in filing a civil or criminal action . . . ."); http://www.doc.state.ok.us/Offtech/op120230.pdf, Offender Banking System, OP-120230(I)(A)(2)("Funds from [inmates' mandatory savings accounts] may be transferred to an offender's available balance to pay those fees and/or court costs associated in filing a civil or criminal action" in forma pauperis.) and OP-120230(I)(B)(2)("A 'Request for Disbursement' form must be signed by the offender and approved by a staff member designated by the facility head for offender initiated disbursements. The trust fund officer and cashier will sign the disbursement verifying that the action was completed and approved."). See also Pack v. Kaiser, __ Fed.Appx.__, 1993 WL 96885 (10th Cir. Mar. 29, 1993)(unpublished order)(recognizing Oklahoma law allows inmates to utilize funds in their mandatory savings accounts to pay court-required filing fees and "prisoners may be required to utilize funds in prison accounts in order to initiate litigation").

On September 5, 2012, Plaintiff moved for an extension of time to pay the initial partial filing fee. (Doc. # 8). The motion was granted, and Plaintiff was given until September 21, 2012, to pay the required initial partial filing fee. This extended time period has expired and to this date Plaintiff has failed to pay the $10.78 initial partial filing fee, show cause for his failure to do so, or request a further extension of time to comply with the Court's Order.

Due to Plaintiff's failure to pay the required initial partial filing fee and the expiration

of the time given Plaintiff to make such payment, the Court should dismiss the action without prejudice to refiling. LCvR 3.4(a); Freeman v. Colo. Dep't of Corrections, 396 Fed.Appx. 543, 2010 WL 3818077 (10th Cir. Oct. 1, 2010)(unpublished order)(affirming dismissal without prejudice of § 1983 action for failure to pay initial partial filing fee as ordered by district court); Barnett v. Ray, 320 Fed.Appx. 823 (10th Cir. Mar. 31, 2009)(unpublished order)(same).

RECOMMENDATION

Accordingly, it is recommended that Plaintiff's cause of action be dismissed without prejudice to refiling for failure to pay the initial partial filing fee or to show cause for his failure to do so. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by  October 15th , 2012, in accordance with 28 U.S.C. §636 and LCvR 72.1.  Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein.  Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed

herein is denied.

    ENTERED this ___25th___ day of ___September__, 2012.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE